UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER L. SMITH SR.,           Case No. 1:12-cv-924
    Plaintiff,

                                                         Spiegel, J.
    vs                                                     Bowman, M.J.

KENNETH L. LAWSON II,            **REPORT AND**
    Defendant.                                   **RECOMMENDATION**

Plaintiff, an inmate at the London Correctional Institution in London, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable

legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against Kenneth Lawson II, his defense attorney in a criminal action. Plaintiff alleges that defendant provided ineffective assistance of counsel during his criminal trial. He indicates that the complaint is not concerned with challenging his state criminal conviction, but instead "is for the damages inflicted on the

plaintiff by deceit, manipulation, fraud and failure to p[er]form by the defendant." (Doc. 1, Complaint p. 2). He asserts that the "actions, inactions and omission by the defendant were deliberate and denied the plaintiff specific constitutional right[]s, including his right of direct appeal and his right to trial [as] well as right to effective representation in a criminal matter(s)." *Id.* at 12). Plaintiff further claims that defendant committed fraud under Ohio law, wire and mail fraud under federal law, and malpractice. *Id.* He contends that he was emotionally distressed by the defendant's representation and still suffers from the ineffectiveness of counsel. *Id.*

For relief, plaintiff seeks a declaratory judgment that defendant's ineffectiveness resulted in the loss of plaintiff's due process rights. He also requests compensatory damages for the fees paid to defendant, fees paid in obtaining new counsel and the costs of filing the instant action. Plaintiff also seeks punitive damages of $7,500, for the amount paid to defendant, and $10,000 for "distress and abuse." *Id.* at 13.

Plaintiff fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction on the basis of diversity of citizenship. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In

the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiff and defendant are both Ohio citizens. (Doc. 1, Complaint, p. 3). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

With regard to the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's complaint fails to state a claim for relief under Section 1983 against defendant. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the offensive conduct was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As a criminal defense attorney, defendant did not act "under color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *Otworth v. Vanderploeg,* 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Therefore, because defendant is not a state actor under §1983, plaintiff's complaint fails to state a claim against defendant and must be dismissed.

In addition, plaintiff has no right to relief under 42 U.S.C. § 1983 as a ruling in his favor

would necessarily cast doubt on his state court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.*

In this case, although plaintiff claims he is not challenging his criminal conviction, the complaint implies that plaintiff's conviction and sentence are illegal because defendant failed to properly represent plaintiff and violated his constitutional rights in procuring his conviction and sentence. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. However, plaintiff has not alleged any facts showing his conviction has been invalidated by a federal or state court or other appropriate tribunal. Because plaintiff has not demonstrated his conviction has been overturned or invalidated, he may not proceed with a § 1983 action for money damages against defendant. *Id*.

To the extent that plaintiff alleges that defendant committed bank or wire fraud during the course of his representation, these claims must also be dismissed because the federal bank and wire fraud statutes do not explicitly or impliedly give rise to a private cause of action. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997).

Finally, to the extent plaintiff claims defendant's actions violate the state law of Ohio, the Court should decline to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, plaintiff's state law claims should be dismissed without prejudice for lack of jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint should be **DISMISSED**.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER L. SMITH SR.,           Case No. 1:12-cv-924
    Plaintiff,

                                                             Spiegel, J.
    vs                                                       Bowman, M.J.

KENNETH L. LAWSON II,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).